IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AVERY DENNISON CORPORATION                                PLAINTIFF

v.                       No. 4:11-mc-41-DPM

3M INNOVATIVE PROPERTIES
COMPANY and 3M COMPANY                                    DEFENDANTS

ORDER

For the reasons stated on the record during the 9 January 2012 hearing, Avery Dennison's motion to compel, *Document No. 1*, is granted in part and denied in part. The Court orders production of all the requested documents, with pricing information included, but with two limitations: (1) the scope is narrowed to those documents dated after 8 December 2004 — the date 3M first introduced the idea for "Type XI" retroreflective sheeting; and (2) pricing information may remain redacted for all 3M products other than retroreflective sheeting. The production is subject to the existing protective order in the underlying litigation.

Because Mr. Brown is not a party to the underlying litigation and to protect his interests, counsel should draft a supplemental protective order governing any production from him or his company, Interstate SignWays.

This order should contain a provision directing Avery Dennison, 3M, and all others to give Mr. Brown and his counsel two-weeks notice prior to the use—in any court document or proceeding—of any information Brown produces under the terms of the order. Counsel should submit a draft of the supplemental protective order to the Court by 23 January 2012.

Avery Dennison is further ordered to post a bond (or letter of credit or other security) with this Court to ensure compliance as to Brown with the protective order and the supplemental protective order. Avery Dennison needs the pricing information. But the Court must balance that need against the reality that Brown's pricing represents sensitive information in a competitive-bid marketplace. The Court also notes that Brown is a relatively small player on the fringes of litigation between two much larger rival companies. The Court is convinced of the need for substantial security; but on further reflection, the Court concludes that it has insufficient information to decide what the appropriate amount of security should be. The Court therefore vacates its oral ruling on this issue. Instead, the parties should confer on the amount—which should be sufficient to protect Brown against

disclosure, but no greater than necessary, given all material circumstances. The parties should either agree on the amount and form of security or submit short briefs and supplemental information on this issue by 23 January 2012.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

9 January 2012