IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| AVERY DENNISON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY,<br><br>Defendants. | No. 4:11-mc-41-DPM |

**AGREED SUPPLEMENTAL PROTECTIVE ORDER**

Third-party Interstate Signways, Inc. and Bobby Brown (collectively referred to as "Brown") possesses confidential and proprietary information that relates to the subject matter of the pending lawsuit entitled Avery Dennison Corp. v. 3M Company et al., No. 0:2011-cv-00284 (D. Minn.). To expedite the flow of discovery materials from Brown to Avery Dennison Corp. ("Avery"), to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information Brown is entitled to keep confidential, to ensure that only materials Brown is entitled to keep confidential are subject to such treatment, and to ensure that Avery is permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**I.  Definitions**

    1.    As used in the Protective Order, these terms have the following meanings:

        a.    "Documents" are materials within the scope of Fed. R. Civ. P. 34.

1

b.   "Written Assurance" means an executed document in the form attached as Exhibit A.

c.   "Technical Adviser" shall mean an independent, outside expert witness or consultant with whom counsel deems it necessary to consult and who complies with paragraphs 17-21.

d.   "CONFIDENTIAL INFORMATION" shall mean all information or material, regardless of form, produced for or disclosed to a receiving party that the producing party designates in good faith as confidential because it contains or is a trade secret or other confidential research, development or commercial information as those terms are used in Rule 26(c)(G) of the Federal Rules of Civil Procedure.

e.   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" means and is limited to CONFIDENTIAL INFORMATION that constitutes (i) unpublished patent applications or documents related thereto; (ii) information, documents, or things pertaining to product designs that have not been introduced to the market, commercialized, or otherwise disclosed to the public; (iii) information or documents pertaining to the materials, methods, or processes that are or could be used by a producing party to manufacture its products; or (iv) information or documents pertaining to highly sensitive financial, sales, marketing, and strategic business planning.

f.   "PROTECTED INFORMATION" means "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" hereafter.

2

## II. Designation of Information

2. Any PROTECTED INFORMATION that Brown wishes to be made subject to this Protective Order shall be marked with CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY prior to or at the time copies are furnished to Avery. Any document or thing created by Avery (e.g., any interrogatory answer, pleading or exhibit) that contains information that has been designated pursuant to this Order shall bear on its face the appropriate legend, i.e., CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or an equivalent marking.

3. All PROTECTED INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraphs 1-2 shall be designated by Brown by informing Avery of the designation in writing.

4. Whenever PROTECTED INFORMATION is attached to pleadings not filed under seal, used at a deposition, or used at any hearing or trial:

    a. Avery shall give Brown 14 days notice prior to the date on which Brown's PROTECTED INFORMATION may be disclosed. At Brown's request, Avery shall instruct the reporter at any deposition to mark those pages of the transcript containing Brown's PROTECTED INFORMATION as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY according to Paragraphs 1 and 2 provided herein. The parties agree to cooperate in good faith to shorten this time frame if necessary to abide by any discovery schedule.

    b. The cover of any hearing or deposition transcript that contains PROTECTED INFORMATION shall be prominently marked with the applicable legend or

legends referred to in Paragraph 2. The dissemination of all portions of hearing or deposition transcripts designated as PROTECTED INFORMATION shall be limited to the persons identified in Paragraphs 7 and 8 hereof.

5. If any PROTECTED INFORMATION is included with or the content thereof is in any way to be disclosed in any pleading, motion, deposition transcript, or other paper filed with the court, such documents and related materials shall be filed under seal using the procedures in Section IX of the Electronic Case Filing Procedures for the United States District Court for the District of Minnesota. Specifically, such documents will not be filed electronically, but, instead, a form or placeholder will be electronically filed and paper copies will be conventionally filed in sealed envelopes prominently marked with the case name, case number, the identity of the party filing the envelope, a complete title of the document, document number assigned by ECF, the word "SEALED" or "CONFIDENTIAL," and the notation:

**PROTECTED INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,
EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES**

Additionally, Avery shall give Brown 14 days notice prior to the filing of any pleading, motion, or other paper that contains Brown's PROTECTED INFORMATION. The parties agree to cooperate in good faith to shorten this time frame if necessary to abide by any discovery or briefing schedules.

6. The following information is not PROTECTED INFORMATION:

    a. Publicly available materials, such as: published advertising materials,

issued patents, published patent applications, prosecution histories and other documents available from the U.S. Patent and Trademark Office, and publications, press releases, newspaper and magazine articles, information released to the public, pleadings and other litigation-related documents filed on the public record, and information publicly filed with governmental agencies, such as the Securities and Exchange Commission;

    b. Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

    c. Any information that the receiving party can show was already known to it prior to the disclosure with no obligation of confidentiality;

    d. Any information that the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

    e. Any information that the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's PROTECTED INFORMATION.

    7. CONFIDENTIAL INFORMATION as defined in Paragraph 1d shall only be disclosed if and to the extent reasonably necessary for purposes of this litigation and, except as provided below, shall only be disclosed to:

    a. Outside litigation counsel of record in the case styled *Avery Dennison Corp. v. 3M Company et al.*, No. 0:2011-cv-00284 (D. Minn.) and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals,

legal translators, legal secretaries, legal clerks and shorthand reporters;

  b. Technical Advisers and their necessary support personnel, provided such Technical Advisers have signed the Written Assurance attached hereto as Exhibit A;

  c. Six (6) in-house counsel that are involved in this litigation, and any paralegals and legal support personnel in a party's legal department reasonably necessary to assist them in this litigation, provided such in-house counsel have signed the Written Assurance attached hereto as Exhibit A;

  d. Four (4) employees for Avery that are involved in this litigation, provided such employees have signed the Written Assurance attached hereto as Exhibit A

  e. The Court, its personnel and stenographic reporters, and any jurors sworn in this matter (under seal or with other suitable precautions determined by the Court);

  f. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

  g. Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services including mock jurors who have been informed of the requirement to maintain these documents as CONFIDENTIAL INFORMATION and have agreed to do so; and

  h. Litigation support vendors, such as document reproduction services, computer imaging services, demonstrative exhibits services, commercial copy vendors, contract document reviewers, and computer forensic vendors, who have been retained by counsel for

purposes of this action and have been informed of the requirement to maintain these documents as CONFIDENTIAL INFORMATION and have agreed to do so.

8. HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information as defined in Paragraph 1e shall only be disclosed, if and to the extent reasonably necessary for purposes of this litigation, to those people disclosed in Paragraph 9a, 9b, 9c, 9e, 9f, 9g, and 9h.

### III. Use of PROTECTED INFORMATION

9. All PROTECTED INFORMATION shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced PROTECTED INFORMATION shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

10. PROTECTED INFORMATION shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients as specified in this Protective Order, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient (1) from making working copies, abstracts, digests and analyses of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed PROTECTED INFORMATION or (2) from converting or translating CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that PROTECTED INFORMATION, in whatever form stored or

reproduced, shall be limited to qualified recipients.

## IV.     Disclosure to Technical Advisors, In-House Counsel, and Employees

11.     No disclosure of Brown's PROTECTED INFORMATION to a Technical Adviser, or in-house counsel or employees of Avery or their necessary support personnel, shall occur until that Technical Advisor, in-house counsel, or employee has signed the Written Assurance attached hereto as Exhibit A, and a signed copy has been provided to Brown, and to the extent there has been an objection under Paragraph 13, that objection is resolved as discussed below.

12.     If Avery desires to disclose Brown's PROTECTED INFORMATION to a Technical Adviser or employees for Avery, Avery shall give 14 days' prior written notice by email to Brown, who shall have five (5) business days after such notice is given to object in writing. The parties agree to cooperate in good faith to shorten this time frame if necessary to abide by any discovery or briefing schedules.

13.     If Brown objects to disclosure of PROTECTED INFORMATION to a Technical Adviser or employee of Avery, Brown shall state with particularity the ground(s) of the objection. Brown's consent to the disclosure of PROTECTED INFORMATION to a Technical Adviser or employee for Avery shall not be unreasonably withheld.

14.     If after consideration of Brown's objection, Avery refuses to withdraw the Technical Adviser or employee, Avery shall provide notice to Brown. Thereafter, Brown shall move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection. Brown shall have the burden of showing to the Court "good cause" for preventing the disclosure. A failure to file a motion within the ten (10) business day period shall operate as an approval of the disclosure. The parties agree to cooperate in good faith to shorten the time

frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

## V. Challenges to Confidentiality Designations

15. The parties shall use reasonable care when designating documents or information under this Order. Nothing in this Order shall prevent a receiving party from contending that any documents or information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the designation with respect to any document or information contained therein.

16. A party shall not be obligated to challenge the propriety of a designation of any category of PROTECTED INFORMATION at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

17. Until a determination by the Court, the information at issue shall be treated as having been properly designated and subject to the terms of this Order.

## VI. Inadvertent Waiver

18. Inadvertent or unintentional production of documents or things containing PROTECTED INFORMATION, but which are not properly designated as such at the time of production, shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

The producing party shall immediately notify the receiving party promptly after discovery of the error in writing and the receiving party shall thereafter treat the information as PROTECTED INFORMATION under this Order. The producing party will also provide replacement pages bearing the appropriate confidentiality legend or legends upon discovery of the error. To the extent such information may have been disclosed to persons other than authorized persons described in this document, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the PROTECTED INFORMATION from the recipient(s) thereof, and using its best efforts to secure the agreement of the recipient(s) not to further disseminate the PROTECTED INFORMATION in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

19. Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently or unintentionally produces materials protected by the attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and requesting that the item(s) of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that

the receiving party will return such inadvertently produced item(s) of information and all copies thereof within ten (10) days of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item(s) of information, whichever scenario occurs earlier. In the recipient(s) gathering and return of all copies of the privileged or immune material to the producing party, the recipient(s) shall be exempt from returning any pages containing privileged markings by the recipient and those pages shall instead be destroyed and certified as such by the recipient to the producing party. The party having returned such inadvertently produced item(s) of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure. The producing party will further include the inadvertently produced document on its privilege log(s) for the inadvertently or unintentionally produced materials. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

20. The parties shall adhere to the requirements of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 regarding the handling of discovery material that it has inadvertently produced which is protected from disclosure under the attorney-client privilege, the work product doctrine, or other privilege, doctrine, right, or immunity. For avoidance of doubt, this Order incorporates the agreement of the parties that inadvertent production of material that would otherwise have been protected from disclosure under the attorney-client privilege, work product doctrine, or other privilege, doctrine, right or immunity shall not constitute a waiver of such protection, pursuant to Federal Rule of Evidence 502(d) and (e).

## VII. Miscellaneous Provisions

21. Brown may redact the name, mailing address, or email address (collectively "identifying information") of Interstate Signways or any of its officers and employees from documents containing PROTECTED INFORMATION. If Brown chooses to make such redactions, Brown shall take care that these redactions cover only the aforementioned identifying information and do not obscure any other text in the documents.

22. Nothing in this Protective Order shall bar counsel from rendering advice to his or her client with respect to this litigation and in the course thereof relying on any PROTECTED INFORMATION, provided counsel does not disclose PROTECTED INFORMATION in a manner not specifically authorized under this Protective Order.

23. The parties may share PROTECTED INFORMATION designated in this case with counsel of record in the litigations captioned 3M Company v. Avery Dennison, Case No. 10-cv-3849 (MJD/FLN) (D. Minn.) and 3M Company and 3M Innovative Properties Company v. Avery Dennison, Case No. 10-cv-2630 (MJD/FLN) (D. Minn.) and the parties may use PROTECTED INFORMATION designated in this case for purposes of those two cases. If counsel in those cases are not counsel of record in this litigation, those counsel must sign the Written Assurance attached as Exhibit "A" prior to receiving PROTECTED INFORMATION.

24. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by outside counsel of record for the party against whom such waiver will be effective.

25. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the

option of the receiving party, either return or destroy all physical objects and documents which embody PROTECTED INFORMATION it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of PROTECTED INFORMATION, except that counsel for each party may retain one copy of each document and thing designated by the other party as PROTECTED INFORMATION and one copy of each document and thing containing information based on said information for record purposes only. All PROTECTED INFORMATION not embodied in physical objects and documents shall remain subject to this Order. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any PROTECTED INFORMATION for archival purposes only. If a party opts to destroy PROTECTED INFORMATION, that party must provide a Certificate of Destruction to the producing party.

26.   If, at any time, documents containing PROTECTED INFORMATION are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object

to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

27.	This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

28.	Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

29.	The United States District Court for the Eastern District of Arkansas is responsible for the interpretation and enforcement of this Supplemental Protective Order. After termination of this litigation, the provisions of this Supplemental Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the PROTECTED INFORMATION for enforcement of the provision of this Supplemental Protective Order following termination of this litigation. All disputes concerning PROTECTED

INFORMATION produced under the protection of this Supplemental Protective Order shall be resolved by the United States District Court for the Eastern District of Arkansas.

30. Each of the firms and parties named below, by executing a copy of this Supplemental Protective Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

**IT IS SO ORDERED**

This 7th day of February, 2012.

_____
Honorable D.P. Marshall Jr.
United States District Judge

**AGREED:**

/s/ *Lyn P. Pruitt*

Lyn P. Pruitt
MITCHELL, WILLIAMS, SELIG, GATES
& WOODYARD, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, Arkansas 72201-3525
Phone: (501) 688-8800
Fax:    (501) 688-8807

*Attorneys for Bobby Brown and Interstate Signways, Inc.*

/s/ *Joshua L. Sohn*

Charles K. Verhoeven
Karin Kramer
Christopher E. Stretch
Steig D. Olson
Joshua L. Sohn
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Kurt J. Niederluecke
Lora M. Friedemann
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402-1425
Tel: (612) 492-7000
Fax: (612) 492-7077

*Attorneys for Avery Dennison Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| AVERY DENNISON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY,<br><br>Defendants. | No. 4:11-mc-41-DPM |

## EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____,

county of _____, state of _____;

I am currently employed by _____ located at

_____ and my current job title is _____.

I have read and believe that I understand the terms of the Supplemental Protective Order dated _____, filed in No. 4:11-mc-41-DPM (E.D. Ark.).  I agree to comply with and be bound by the provisions of the Supplemental Protective Order.  I understand that any violation of the Supplemental Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY obtained pursuant to such Supplemental Protective Order, or the contents of such documents, to any person other than

17

those specifically authorized by the Supplemental Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Supplemental Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Arkansas for the purposes of enforcing or otherwise providing relief relating to the Supplemental Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2012.

_____